IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHITE LODGING SERVICES CORPORATION and AUSTIN 18 HOTEL, LLC<br>    *Plaintiffs,*<br><br>V.<br><br>ANTHONY SNIPES and THE CITY OF AUSTIN, TEXAS<br>    *Defendants.* | § § § § § § § § § § § § |

Case Number: A13CV0825 SS

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COME NOW, Plaintiffs, WHITE LODGING SERVICES CORPORATION and AUSTIN 18 HOTEL, LLC, and for their cause of action against Defendants, ANTHONY SNIPES and THE CITY OF AUSTIN, TEXAS allege as follows:

### I.
### PARTIES

1. Plaintiff, White Lodging Services Corporation, ("White Lodging") is an Indiana Corporation, the Manager of Austin 18 Hotel, LLC, and a developer of a new convention hotel in downtown Austin.

2. Plaintiff, Austin 18 Hotel, LLC ("Austin Hotel") is an Indiana limited liability company. In this complaint, allegations of conduct or actions by "Austin Hotel" include the acts of its managers and authorized agents acting on its behalf and within the scope of their authority.

3. Defendant, Anthony Snipes, ("Defendant Snipes") is an individual who resides in Travis County, Texas, and who may be served with process at 301 W. Second St., Austin 78701. Defendant Snipes is an employee of the City of Austin. All acts and omissions of Defendant Snipes alleged in this complaint were performed while acting in his official capacity and/or

{W0591103.3}

pursuant to official policy, custom, usage or practice of the City of Austin and/or were ratified by the City of Austin. All of Defendant Snipes' acts which are sought to be enjoined by Plaintiffs in this complaint are ultra vires because, inter alia, Defendant Snipes has no authority to create or implement policies in violation of Plaintiffs' constitutional rights.

4. Defendant, the City of Austin, Texas (the "City"), is a home rule municipality located in Travis County, Texas. The City may be served by serving the City Clerk, Shirley A. Gentry, at City Hall, 301 W. Second St., Suite 1120, Austin 78701.

## II.
## JURISDICTION AND VENUE

5. This court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343, and 28 U.S.C. § 2201 because this action is brought to declare and enforce Plaintiffs' civil rights under 42 U.S.C. § 1983, and the Fifth and Fourteenth amendments of the United States Constitution. Venue is proper in this court pursuant to 28 U.S.C. 1391(b) because Defendants reside in Travis County, Texas, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the boundaries of the Austin division of the United States District Court, Western District of Texas.

## III.
## FACTS COMMON TO ALL CLAIMS

A.  **Bait and Switch by the City.**

6. In 2010 the Austin City Council passed a resolution directing City staff to develop strategies to promote the construction of a new downtown hotel to serve Austin convention business. Downtown convention hotels are designed with extra meeting rooms that expand a municipality's convention capacity. The expanded convention capacity draws additional visitors to the City and stimulates additional economic activity that adds to the City's tax collections. Given the economic benefits to a city of expanded convention capacity and the higher cost of

constructing hotels with expanded meeting room capacity, municipalities typically either own or heavily subsidize the construction of downtown convention center hotels. In 2011 City staff had a series of discussions with Plaintiffs concerning economic incentives that the City would be willing to provide in order to induce Plaintiffs to develop a new convention hotel in downtown Austin. These discussions culminated in the Austin City Council passing an ordinance on June 29, 2011 (the "Fee Waiver Ordinance") which provided $3.8 million in conditional permit and right-of-way fee waivers to Plaintiffs for the construction of a new downtown convention hotel. A true and correct copy of the Fee Waiver Ordinance is attached as **Exhibit A**.

7. As recited in the Fee Waiver Ordinance, the new convention hotel was projected to 1) increase the City's convention hotel room capacity by 1,012 rooms, 2) inject over $215 million in construction spending into the local economy and 3) create over 700 new permanent jobs.

8. During the June 29, 2011 council meeting at which the Fee Waiver Ordinance was adopted, Austin City Councilman Mike Martinez introduced an amendment to the draft of the ordinance that had been prepared by City staff as a result of its negotiations with Plaintiffs. Councilman Martinez's amendment made compliance with the City's "prevailing wage policy" an additional condition for Plaintiffs receiving fee waivers. City staff had not previously discussed this condition with Plaintiffs, and the amendment was added to the ordinance over Plaintiffs' objection. After the council meeting, Plaintiffs' representative, Deno Yiankes, asked Councilman Martinez for guidance on how to comply with the City's "prevailing wage policy." Councilman Martinez directed Mr. Yiankes to Assistant City Manager Rudy Garza for direction on complying with the "policy." Mr. Garza was in charge of the City's contract management department.

9. Subsequently, Plaintiffs learned both through their communications with Mr. Garza and through their own investigation, that the City had no existing "prevailing wage policy" for privately funded construction projects.

10. The City policy for "Prevailing Wage Rate Determinations" on federally funded projects provides a process for wage rate appeals and also provides a process for obtaining a "Wage and Hour Division letter" from the US Department of Labor setting forth a position on a wage determination. The City had no similar written policies with respect to the appeal of wage determinations or the process for obtaining a letter similar to a "Wage and Hour Division letter" for privately funded projects. Also, prevailing wage requirements, including those applicable to federally funded projects, are typically made applicable to and enforced against contractors and not developers or property owners. Finally, prevailing wage *rates* may be set, adjusted, applied, and appealed differently depending on different federal, state and local prevailing wage *policies* for different types of projects. Some prevailing wage policies provide for appeals or other methods for adjusting prevailing wage rates to local conditions. Because there was no existing City *policy* governing the calculation, application, appeal and enforcement of prevailing wage *rates* with respect to privately funded projects, Plaintiffs had to rely (as directed by Councilman Martinez) on Assistant City Manager Garza to provide guidance on what the City's prevailing wage "policy" applicable to the project in question.

11. Prior to starting construction of the hotel, Plaintiffs advised Mr. Garza of proposed wages for different classifications of contractors' employees on the project. Due to local market conditions, most individual trades would be paid a higher hourly rate on the project than the latest published prevailing wage rate for such individual trades on federally funded projects; however, a minority of individual trades would be paid a lower rate under local market

conditions. For the project as a whole, the average wages proposed by Plaintiffs to Mr. Garza were approximately 19% higher than the latest federally published prevailing wage rates for publicly funded projects.

12. If the City had adopted a prevailing wage policy for the project that required Plaintiffs to pay the latest federally published prevailing wage rate for every individual trade (without any averaging, adjustment for local market conditions, or appeal) then the increase in construction costs for the project would have far exceeded the value of the economic incentives offered by the City for construction of the hotel. This would have negated the City's stated intent of providing Plaintiffs with an economic incentive to develop the new convention hotel. Mr. Garza did not construe the ordinance to require such an absurd result, and instead adopted and/or communicated a City prevailing wage policy for private projects that allowed some averaging to account for local market conditions.

13. On behalf of the City of Austin, and acting with actual or apparent authority, Assistant City Manager, Rudy Garza, approved the proposed wage schedule submitted by Plaintiffs as complying with the City's prevailing wage "policy" for the project. Mr. Garza indicated his approval by noting "Ok" and initialing both pages of the letter and wage schedule submitted by Plaintiffs. *See* Garza notation and initials on August 10, 2011 letter from Plaintiffs attached as **Exhibit B**. Mr. Garza also confirmed his approval by email. *See* August 16, 2011 email exchange between Rudy Garza and Deno Yiankes attached as **Exhibit C**. Plaintiff would not have gone forward with the design and construction of the hotel absent Mr. Garza's assurances.

14. Mr. Garza has since retired as Assistant City Manager. After Plaintiffs already relied to their detriment on Mr. Garza's assurance regarding the City's prevailing wage policy

for the project, and had entered contracts with building contractors and begun construction of the new hotel, a different assistant city manager, Defendant Snipes, rejected Mr. Garza's prior position on the City's prevailing wage policy for the project and advised Plaintiffs of a different policy that would negate the entire value of the fee waivers that Plaintiffs had negotiated with the City and were relying upon to construct the project. Defendant Snipes and the City have refused to honor Mr. Garza's prior position with respect to the City's prevailing wage policy for privately funded projects. Defendant Snipes and the City have demanded that Plaintiffs pay "back wages" and otherwise confirm compliance with wage rates that are different than those previously approved by Assistant City Manager Garza. Defendant Snipes and the City have also retroactively revoked fee waivers and demanded payment of previously waived fees.

**B.     The City Revokes Vested Benefits Without Due Process.**

15.     Prior to Assistant City Manager Garza's approval of the Plaintiffs' wage proposal as being compliant with the City's prevailing wage policy for the project, the Austin City Council had not passed any ordinances or resolutions which set forth the City's prevailing wage policy for privately funded projects, and the City staff had not adopted any rules, regulations or written procedures which described the City's prevailing wage policy for such projects. No City ordinances or resolutions prevented Assistant City Manager Garza from adopting a prevailing wage policy for privately funded projects that allowed some averaging of prevailing wage rates.

16.     To this date Defendants have been unable to provide Plaintiffs with any written rules, regulations or written procedures applicable to the project which define the City's prevailing wage "policy" for the project. Defendants have been unable to produce any written procedures which describe the exceptions, allowed adjustments, enforcement policies, hearing procedures, or appeal rights with respect to the City's prevailing wage policy for privately

funded projects. Defendants have revoked the fee waivers that Plaintiffs relied upon when contracting for construction of the new hotel, and have done so without any constitutionally adequate administrative hearing or right of administrative appeal.

### C.     Exaction of an Unlawful Fee by the City.

17.     Plaintiff Austin Hotel is the tenant under a ninety-nine (99) year ground lease for real property located in downtown Austin on which it is constructing a new convention hotel (the "Hotel Site"). The Hotel Site is generally located between and bordered by North Congress Avenue, East Third Street, Brazos Street and East Second Street. As the lessee of the Hotel Site, Plaintiff Austin Hotel has vested property rights in the real property, including any right, title or interest of the fee owner of the property to the use of the abutting public right-of-ways during the term of the lease.

18.     Although the City of Austin has no fee ownership in the streets surrounding the Hotel Site, and Plaintiffs already have a vested property right allowing them to temporarily encroach on the right-of-way for the purpose of construction access and construction staging (subject to reasonable police power regulations to protect public health, safety and welfare), Defendants have nonetheless demanded that Plaintiffs pay the City "right-of-way license fees" that will total several million dollars as a condition of Plaintiffs exercising their vested property rights as property owners abutting a public right-of-way. The right-of-way fees sought by the City are excessive, unreasonable, arbitrary and not justified by any legitimate exercise of police power. Defendants have threatened to prohibit Plaintiffs' use of the right-of-way for reasonable construction access and staging if Plaintiffs fail to pay the above-referenced "right-of-way license fees."

# IV.
## FIRST CLAIM FOR RELIEF: PROCEDURAL DUE PROCESS CLAIMS FOR INJUNCTIVE RELIEF UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

19. Plaintiffs incorporate by reference paragraphs 1-18 of this complaint.

20. Defendants, acting under color of state or local law, have violated, and absent an injunction will continue to violate, Plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution. Such violations are actionable under 42 U.S.C. § 1983 and threaten Plaintiffs with imminent and irreparable harm in an amount that exceeds the minimum jurisdictional limits of this Court, and for which there is no adequate remedy at law. There is a substantial likelihood that Plaintiffs will prevail on the merits of their complaint at trial, the harm faced by Plaintiffs in the absence of injunctive relief outweighs any potential injury to Defendants of granting injunctive relief, and the requested injunctive relief will not adversely affect public policy or the public interest.

21. Plaintiffs request and are entitled to temporary and permanent injunction relief which prohibits Defendants from 1) revoking fee waivers relied upon by Plaintiffs and retroactively changing the City's "prevailing wage policy" applicable to Plaintiffs' project to a policy different than that previously communicated to Plaintiffs by assistant City Manager Garza and relied upon by Plaintiffs to their detriment, or 2) revoking the fee waivers set forth in Austin City Ordinance 20110629-003, absent the publication of and adherence to written procedures which provide constitutionally adequate notice, constitutionally adequate opportunity to be heard before an impartial tribunal and constitutionally adequate appeal procedures.

22. Plaintiffs are further entitled to recover their costs, expenses and reasonable attorneys' fees from Defendants pursuant to, *inter alia*, 42 U.S.C. § 1988.

23.     Plaintiffs are willing to post a reasonable bond as a condition of temporary injunctive relief.

## V.
## SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF PROCEDURAL DUE PROCESS VIOLATION PURSUANT TO FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

24.     Plaintiffs incorporate by reference paragraphs 1-23 of this complaint.

25.     Defendants, acting under color of state or local law, have violated, and absent an injunction, will continue to violate Plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, causing Plaintiffs harm in an amount that exceeds the minimum jurisdictional limits of this Court.

26.     Plaintiffs request and are entitled to a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that 1) a retroactive change in the City's "prevailing wage policy" applicable to Plaintiffs' project in a manner that revokes the fee waivers relied upon by Plaintiffs is a violation of Plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, and/or that, 2) revoking the fee waivers set forth in Austin City Ordinance 20110629-003, absent adherence to procedures which provide constitutionally adequate notice, constitutionally adequate opportunity to be heard before an impartial tribunal and constitutionally adequate appeal procedures, constitute a violation of Plaintiffs' rights to procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution.

## VI.
## THIRD CLAIM FOR RELIEF: SUBSTANTIVE DUE PROCESS CLAIMS FOR INJUNCTIVE RELIEF UNDER FIFTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

27.     Plaintiffs incorporate by reference paragraph 1-26 of this complaint.

28.     Pleading further, and in the alternative, Defendants were acting under color of

state or local law at all times relevant to this action. Defendants' demand of right-of-way use fees from Plaintiffs for temporary construction access and staging violates Plaintiffs' substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. The right-of-way fees sought by Defendants are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.

29. Defendants, acting under color of state or local law, have violated, and absent an injunction will continue to violate, Plaintiffs' rights to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution Defendants' conduct is actionable under 42 U.S.C. § 1983 and threatens Plaintiffs with imminent and irreparable harm in an amount that exceeds the minimum jurisdictional limits of this Court, and for which there is no adequate remedy at law. There is a substantial likelihood that Plaintiffs will prevail on the merits of their complaint at trial, the harm faced by Plaintiffs in the absence of injunctive relief outweighs any potential injury to Defendants of granting injunctive relief, and the requested injunctive relief will not adversely affect public policy or the public interest.

30. Plaintiffs request and are entitled to temporary and permanent injunction relief which prohibits Defendants from charging Plaintiffs license fees or rental fees for exercising their property rights with respect to reasonable construction access and staging over the public right-of-way abutting their property.

31. Plaintiffs are further entitled to recover their costs, expenses and reasonable attorneys' fees from Defendants pursuant to, *inter alia*, 42 U.S.C. § 1988.

32. Plaintiffs are willing to post a reasonable bond as a condition of temporary injunctive relief.

## VII.
## FOURTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF SUBSTANTIVE DUE PROCESS VIOLATION PURSUANT TO FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

33. Plaintiffs incorporate by reference paragraph 1-32 of this complaint.

34. Pleading further, and in the alternative, Defendants were acting under color of state or local law at all times relevant to this action. Defendants' demand of right-of-way use fees from Plaintiffs for temporary construction access and storage violates Plaintiffs' substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. The right-of-way fees sought by Defendants are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.

35. Plaintiffs' request is entitled to a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that the right-of-way fees sought by Defendants are a violation of Plaintiffs' rights to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

## VIII.
## FIFTH CLAIM FOR RELIEF: INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983 TO PREVENT UNCONSTITUTIONAL EXACTION IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

36. Plaintiffs incorporate by reference paragraph 1-35 of this complaint.

37. Pleading further, and in the alternative, Defendants, acting under color of state or local law, have violated, and absent an injunction will continue to violate, Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution by seeking an unconstitutional exaction of Plaintiffs as a condition of Plaintiffs exercising their vested property rights with respect to reasonable construction access and staging on the right-of-way abutting their property. Such violations are actionable under 42 U.S.C. § 1983 and threaten Plaintiffs with imminent and irreparable harm in an amount that exceeds the minimum jurisdictional limits

of this Court, and for which there is no adequate remedy at law. There is a substantial likelihood that Plaintiffs will prevail on the merits of their complaint at trial, the harm faced by Plaintiffs in the absence of injunctive relief outweighs any potential injury to Defendants of granting injunctive relief, and the requested injunctive relief will not adversely affect public policy or the public interest.

38. Plaintiffs request and are entitled to temporary and permanent injunction relief which prohibits Defendants from exacting the license fees or rental fees it demands from Plaintiffs for reasonable construction access and staging on the right-of-way abutting their property.

39. Plaintiffs are further entitled to recover their costs, expenses and reasonable attorneys' fees from Defendants pursuant to, *inter alia*, 42 U.S.C. § 1988.

40. Plaintiffs are willing to post a reasonable bond as a condition of temporary injunctive relief.

## IX.
### SIXTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF UNLAWFUL EXACTION IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

41. Plaintiffs incorporate by reference paragraph 1-40 of this complaint.

42. Pleading further, and in the alternative, Defendants, acting under color of state or local law, have violated, and absent an injunction, will continue to violate Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution by seeking an unconstitutional exaction of Plaintiffs as a condition of Plaintiffs exercising their vested property rights with respect to reasonable construction access and staging on the right-of-way abutting their property.

43. Plaintiffs request and are entitled to a Declaratory Judgment pursuant to 28 U.S.C.

§ 2201 declaring that exacting the license fees or rental fees the Defendants demand from Plaintiffs for reasonable construction access and staging on the right-of-way abutting Plaintiffs' property constitutes an unlawful exaction pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that the court:

1. Award the injunctive relief requested above against both Defendants;

2. Award the declaratory relief requested above against both Defendants;

3. Award Plaintiffs their costs, expenses and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C.A. § 1988; and

4. Grant such other and further relief as the court may deem just and proper.

Respectfully submitted,

_____
J. BRUCE SCRAFFORD
State Bar No. 17931100
ARMBRUST & BROWN, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile
bscrafford@abuastin.com

ATTORNEYS FOR PLAINTIFFS